680 S.E.2d 216 (2009)
Jay Eduard KRUEGER, Petitioner,
v.
NORTH CAROLINA CRIMINAL JUSTICE EDUCATION & TRAINING STANDARDS COMMISSION, Respondent.
No. COA08-679.
Court of Appeals of North Carolina.
August 4, 2009.
*217 Edelstein & Payne, by M. Travis Payne, Raleigh, for petitioner-appellant.
Attorney General Roy Cooper, by Special Deputy Attorney General Mark A. Davis and Assistant Attorney General Jane Ammons Gilchrist, for respondent-appellee.
GEER, Judge.
Petitioner Jay Eduard Krueger appeals from the trial court's order upholding the decision of respondent, the North Carolina Criminal Justice Education and Training Standards Commission ("the Commission"), to suspend his law enforcement certification for five years. The trial court, in reviewing the Commission's decision, failed to make the necessary determination under N.C. Gen. Stat. § 150B-51(d) (2007) as to whether petitioner's evidence gave rise to a genuine issue of material fact on his claims that the Commission's *218 decision was unconstitutional and/or arbitrary and capricious. Because the parties' arguments on appeal demonstrate that genuine issues of material fact exist, we reverse the trial court's order granting summary judgment to respondent and remand for an evidentiary hearing.

Facts
In May 2005, petitioner, a certified law enforcement officer employed since 2000 by the Raleigh Police Department ("the Department"), was interviewed by the Department after allegations surfaced that he had submitted falsified or inaccurate radar training records. Petitioner admitted that he had signed forms for two other law enforcement officers showing that those officers had completed radar training with petitioner when they had not in fact done so.
As a result, petitioner was suspended without pay for 20 days and barred from applying for special assignments or promotions within the Department. The Commission then initiated action to revoke petitioner's law enforcement certification. 12 N.C. Admin. Code 09A.0204(b)(8) (2008) provides that the Commission may suspend, revoke, or deny an officer's or applicant's certification if the Commission finds that the officer or applicant "knowingly and willfully, by any means of false pretense, deception, defraudation, misrepresentation or cheating whatsoever, aided another person in obtaining or attempting to obtain credit, training or certification from the Commission[.]"
When the suspension is for such a reason, "the period of sanction shall be not less than five years; however, the Commission may either reduce or suspend the period of sanction... or substitute a period of probation in lieu of suspension of certification following an administrative hearing ...." 12 N.C. Admin. Code 09A.0205 (b)(5) (2008). To that end, the Commission has adopted a policy authorizing its Probable Cause Committee, "[i]n those cases that it deems to be appropriate," to enter into a consent agreement with an officer to reduce the sanction imposed before a Final Agency Decision is reached.
Petitioner submitted evidence to the administrative law judge ("ALJ") of five officers who were allowed to enter into consent agreements reducing their punishments under this policy. Petitioner was not, however, given an opportunity to reduce his punishment, but rather, on 16 February 2006, the Probable Cause Committee voted to suspend petitioner's certification for five years. Petitioner gave notice of appeal from this decision to the superior court, but the Commission requested that the matter be heard first before an ALJ.
In petitioner's pre-hearing statement before the ALJ, petitioner asserted that the imposition of a five-year suspension of his certification "would constitute a violation of his constitutional rights, including but not limited to his rights to substantive due process and equal protection." He asked that the Commission "either suspend any sanction that has been issued, or, at most, subject Petitioner to a probationary period." Petitioner argued that a lesser sanction was warranted "based on his history, his performance as a law enforcement officer, and his overall good character." He also contended that he had "suffered very substantial sanctions imposed on him by the Raleigh Police Department, and that those sanctions are more than sufficient and appropriate to assure that there will be no reoccurrence of such lapses on his part."
On 7 December 2006, petitioner filed a motion for summary judgment attaching his own affidavit; exhibits relating to petitioner's disciplinary action and suspension of his law enforcement certification; exhibits relating to the suspension of the certification of other officers and consent agreements for lesser sanctions entered into between the Probable Cause Committee and the other officers; and exhibits relating to respondent's policy and procedure regarding consent agreements. Petitioner also attached respondent's verified response to a motion to compel stating that it had no information concerning the criteria and standards used to decide whether to issue a sanction of less than a suspension of an officer's certification.
In his motion, petitioner argued that his exhibits "show[ed] that while Petitioner engaged in some inappropriate actions for *219 which he has received substantial discipline from his employer, his actions were comparable to, or less serious than actions in which other law enforcement officers engaged who received a sanction from Respondent less than a suspension of their law enforcement certification." Petitioner further asserted that he has "never been offered the opportunity by Respondent to enter into a consent agreement for a lesser sanction, and that Respondent [did] not apply uniform criteria and standards in deciding when to offer a law enforcement officer a sanction less than suspension of their certification." In conclusion, petitioner contended that "[t]he exhibits accompanying this Motion show that there is no genuine issue as to any material fact, and that Respondent has acted in an arbitrary fashion in exercising its discretion, violating Petitioner's rights to due process and equal protection guaranteed by the North Carolina Constitution and the Constitution of the United States."
On 14 December 2006, respondent filed an unverified response to petitioner's motion for summary judgment. In that response, respondent stated that in the cases of officers who received consent agreements, "the law enforcement officers fully admitted culpability and wrongdoing." Respondent further asserted that the Probable Cause Committee had treated petitioner and other officers employed by the Department that had been accused of the same violation "identically." The record on appeal indicates that respondent relied on the 16 February 2006 Probable Cause Committee minutes as its sole exhibit. Respondent contended that petitioner's motion should be denied, but did not formally seek summary judgment on its own behalf.
On 22 March 2007, the ALJ issued a proposed decision recommending that summary judgment be granted to respondent and that petitioner's certification be suspended for 240 days. In that proposed decision, the ALJ included findings of fact that petitioner admitted he knowingly and willfully signed false forms in order to aid other officers in obtaining radar certification, that petitioner admitted he did not respond to calls, that he was suspended from the Department for 20 days without pay, that he was ineligible to apply for promotions or specialized positions for two years, and that he also received reduced merit raises. The ALJ then stated: "No findings are made as to the constitutional issues raised by Petitioner." The final finding of fact stated: "Based upon the admissions of Petitioner, there are no genuine issues of material fact as to whether Petitioner knowingly and willfully, by any means of false pretense, deception, defraudation, misrepresentation or cheating whatsoever, aided another person in obtaining or attempting to obtain credit, training or certification from the Commission."
The ALJ's conclusions of law noted first that the parties were properly before the Office of Administrative Hearings and recited the terms of the governing provisions of the Administrative Code. The ALJ then concluded:
That based upon Petitioner's admission that he knowingly and willfully signed a falsified Form SMI 15 for C.B. Mingia in order to aid C.B. Mingia in obtaining radar certification from the Commission; and based upon Petitioner's admission that he knowingly and willfully signed two falsified Form SMI 15s for K.A. O'Neal in order to aid K.A. O'Neal in obtaining radar certification from the Commission; and based upon the fact that Officer K.A. O'Neal received radar certification from the Commission based upon his submission of the Form SMI 15s to the Commission, there are no litigable issues for the Administrative Law Judge to decide on whether Respondent properly found probable cause to suspend Petitioner's law enforcement officer certification.
The ALJ then proposedeven though respondent had not, according to the record on appeal, moved for summary judgment"that Respondent's Motion for Summary Judgment be granted on grounds that there are no litigable issues for the administrative law judge to decide...." The ALJ further recommended that petitioner's certification be suspended for a period of 240 days. The ALJ ended his proposed decision by stressing again that "[t]he undersigned does not address constitutional issues raised by Petitioner." *220 The ALJ's recommended decision did not specifically mention petitioner's claim that the Commission's refusal to lessen the sanction was arbitrary and capricious.
On 8 June 2007, the Commission issued a Final Agency Decision adopting essentially verbatim the ALJ's findings of fact and conclusions of law. The Commission neither modified nor added any findings of fact. The Commission, however, did add one conclusion of law, stating only: "That the Respondent's actions and decisions are not arbitrary and capricious." The Commission then ordered petitioner's certification suspended for a period of not less than five years from the date that the order became final, although it further provided that the suspension would be active for only 180 days with the remainder suspended on condition that petitioner violate no law or any administrative code provision of the State of North Carolina.
On 13 July 2007, petitioner filed a petition for judicial review in Wake County Superior Court, and on 26 February 2008, the superior court entered an order affirming the Final Agency Decision. In that order, the superior court noted: "Petitioner did not dispute that he violated Commission Rule 12 NCAC 09A.0204 (b)(8) in that he knowingly and willingly, by any means of false pretense, deception, defraudation, misrepresentation or cheating whatsoever, aided another person in obtaining or attempting to obtain credit, training or certification from the Commission." The superior court also noted that petitioner "did not dispute that the Commission had the authority to suspend his certification for a violation of this rule."
The superior court then found that "[t]he sanction imposed by [the Commission] was within the limits permitted by 12 NCAC 9A.0205(b)(5)." The court concluded, based on its findings of fact, that respondent's findings and conclusions were "made pursuant to lawful procedure and [we]re not affected by error of law" and that they "are supported by substantial admissible evidence in view of the whole record as submitted, and such Findings and Conclusions are not arbitrary or capricious." Finally, the trial court concluded that respondent's Final Agency Decision and the sanction imposed were "within the discretion given to the Respondent" and "the exercise of this discretion did not violate the due process or equal protection rights of Petitioner." Petitioner timely appealed to this Court.

Discussion
"Where there is an appeal to this Court from a trial court's order affirming an agency's final decision, we must `(1) determine the appropriate standard of review and, when applicable, (2) determine whether the trial court properly applied this standard.'" Blalock v. N.C. Dep't of Health & Human Servs., 143 N.C.App. 470, 473, 546 S.E.2d 177, 180 (2001) (quoting In re Appeal by McCrary, 112 N.C.App. 161, 166, 435 S.E.2d 359, 363 (1993)). In determining the appropriate standard of review in this case, we first observe that the Final Agency Decision granted summary judgment to respondent on the ground that there were "no genuine issues of material fact" to be resolved.
The trial court, in reviewing that decision, applied the standard of review set out in N.C. Gen.Stat. § 150B-51(b):
Except as provided in subsection (c) of this section, in reviewing a final decision, the court may affirm the decision of the agency or remand the case to the agency or to the administrative law judge for further proceedings. It may also reverse or modify the agency's decision, or adopt the administrative law judge's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional provisions;
(2) In excess of the statutory authority or jurisdiction of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or
(6) Arbitrary, capricious, or an abuse of discretion.
*221 Both parties presume this is the correct standard of review and have argued that standard on appeal.
Our legislature, however, specifically addressed review of a final agency decision granting summary judgment in N.C. Gen. Stat. § 150B-51(d):
In reviewing a final agency decision allowing judgment on the pleadings or summary judgment, or in reviewing an agency decision that does not adopt an administrative law judge's decision allowing judgment on the pleadings or summary judgment pursuant to G.S. 150B-36(d), the court may enter any order allowed by G.S. 1A-1, Rule 12(c) or Rule 56. If the order of the court does not fully adjudicate the case, the court shall remand the case to the administrative law judge for such further proceedings as are just.
In York Oil Co. v. N.C. Dep't of Env't Health & Natural Res., 164 N.C.App. 550, 553, 596 S.E.2d 270, 272 (2004), as in this case, the final agency decision adopted the ALJ's recommended decision granting summary judgment to the agency. On review in the superior court, the court affirmed the Final Agency Decision, applying the whole record test and holding that there was sufficient evidence to support the final agency decision. Id. This Court, however, concluded that the trial court had applied the wrong standard of review, explaining that "`[i]n reviewing a final agency decision allowing ... summary judgment ..., the [trial] court may enter any order allowed by ... Rule 56.'" Id. at 554, 596 S.E.2d at 273 (quoting N.C. Gen.Stat. § 150B-51(d)). Instead of applying the whole record test, the trial court should have determined "whether there were any genuine issues of material fact and whether any party was entitled to judgment as a matter of law." Id. at 555, 596 S.E.2d at 273-74.
Thus, as an initial matter, we hold that the trial court, in this case, erred in reviewing the Final Agency Decision under the standard set out in § 150B-51(b) as opposed to following § 150B-51(d) and applying the standard established by Rule 56 of the Rules of Civil Procedure: whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). Even though the trial court acted under a misapprehension of the law, this error does not require remand to the trial court for application of the proper standard of review.
In N.C. Dep't of Env't & Natural Res. v. Carroll, 358 N.C. 649, 664, 599 S.E.2d 888, 897 (2004), our Supreme Court explained that generally, when an appellate court determines that a trial court entered an order "`under a misapprehension of the applicable law,'" the appellate court should "remand for application of the correct legal standards." (Quoting Howerton v. Arai Helmet, Ltd., 358 N.C. 440, 469, 597 S.E.2d 674, 693 (2004).) On the other hand, "in cases appealed from administrative tribunals, the trial court's erroneous application of the appropriate standard of review does not automatically necessitate remand." Id. The Court held that in administrative cases, an appellate court's "obligation to review for errors of law" can be fulfilled "`by addressing the dispositive issue(s) before the agency and the superior court' and determining how the trial court should have decided the case upon application of the appropriate standards of review." Id. at 664-65, 599 S.E.2d at 898 (quoting Capital Outdoor, Inc. v. Guilford County Bd. of Adjustment, 146 N.C.App. 388, 392, 552 S.E.2d 265, 268 (2001) (Greene, J., dissenting), rev'd per curiam for reasons stated in the dissent, 355 N.C. 269, 559 S.E.2d 547 (2002)).
Since the decision at issue is a summary judgment decision and an appellate court reviews a grant of summary judgment de novo, this Court canand, according to Carroll, shouldgo ahead and review the final agency decision under the correct Rule 56 standard. Thus, in York, 164 N.C.App. at 555-56, 596 S.E.2d at 274-75, this Court proceeded to review the final agency decision under Rule 56, determined that issues of fact existed, and reversed and remanded the order affirming the final agency decision.
*222 We, therefore, turn to the question whether the Final Agency Decision in this case properly determined that the record contained no genuine issues of material fact and that respondent was entitled to judgment as a matter of law. We note first that petitioner has never disputed that he violated the Commission's regulations or that the suspension of his certification for five years was a sanction expressly authorized by the regulations. Instead, petitioner argued in his motion for summary judgment filed with the ALJ that the Commission's failure to exercise its discretion to reduce the sanction was, in light of actions taken as to other law enforcement officers, arbitrary and capricious and violated his constitutional rights to due process and equal protection.
In the ALJ's proposed decision, however, the findings of fact and conclusions of law addressed only the points that petitioner conceded: that he violated the regulations and was sanctioned in accordance with those regulations. The ALJ failed to address either of the two issues actually raised by petitioner. The ALJ expressly stated that it was making no findings of fact on the constitutional issues and did not mention at all petitioner's claim that the failure to impose a lesser sanction was arbitrary and capricious in light of sanctions imposed by respondent on other officers. In short, the two disputed claims in the case went completely unaddressed by the ALJ.
The Commission also expressly declined to address petitioner's constitutional claim. It did, however, add a conclusion of law, without any explanation of the basis for the conclusion, that its decision to suspend petitioner's license was not arbitrary and capricious.
Although, generally, findings of fact are not appropriate at the summary judgment stage because issues of fact may not be resolved, they may be used to set out the undisputed facts. See In re Estate of Pope, ___ N.C.App. ___, ___, 666 S.E.2d 140, 147 (2008) ("While it is true that a trial court may not, on summary judgment, make findings of fact resolving disputed issues of fact, when as herethe material facts are undisputed, an order may include a recitation of those undisputed facts."), disc. review denied, 363 N.C. 126, 673 S.E.2d 129 (2009). In this case, the ALJ's and the Commission's findings of fact suggest that neither one considered the evidence submitted in support of petitioner's motion for summary judgment. Neither the ALJ nor the Commission mentioned that evidence or provided any explanation as to why the evidence was not addressed.
Respondent, in seeking to have the grant of summary judgment affirmed, does not make any argument that it is entitled to judgment as a matter of law based on petitioner's evidence, but instead points to evidence countering the evidence presented by petitioner in support of his motion. Although respondent also makes some assertions in its brief regarding "facts" that it identifies as undisputed, we cannot find any support in the record on appeal for those facts. On the other hand, petitioner does not argue that the facts are undisputed, but rather urges this Court, contrary to Rule 56, to make its own findings of fact.
This case cannot be resolved on summary judgment given the evidence set forth in the record. As the parties' briefs demonstrate, resolution of petitioner's claims that respondent acted arbitrarily and capriciously and violated his constitutional rights are dependent on a determination of the facts relating to petitioner's suspension and the facts relating to the other officers who received lesser punishments. While petitioner argues that he was given a harsher punishment than other officers who were accused of actions comparable to or less serious than his violations, respondent counters that petitioner was "treated identically" to other officers accused of the exact same violation and that the officers referenced by petitioner were less culpable. Our review of the record indicates that genuine issues of material fact exist. We must, therefore, reverse the trial court's entry of summary judgment and remand for an evidentiary hearing. Because of our resolution of this appeal, we need not reach petitioner's remaining contentions.
Reversed and remanded.
Judges McGEE and BRYANT concur.